**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

**CHARLES E. HERNANDEZ and                         Chapter 7
GRETA F. HERNANDEZ                                 Case No. 11-50218
                    Debtors                         Judge Joseph M. Scott**

---

**MEMORANDUM OPINION AND ORDER**

   This matter comes before the Court pursuant to Central Bank & Trust Co.'s ("Central Bank") Motion to Dismiss Case for Abuse (Doc. 13), and the Debtor's Response (Doc. 17). Central Bank's motion is based upon a finding of abuse pursuant to § 707(b). The Debtors, however, argue that their debts are primarily business debts, and therefore § 707(b) is not applicable. A hearing having been held on April 21, 2011, and the Court being otherwise fully informed, it is hereby ORDERED that Central Bank's Motion to Dismiss is DENIED.

                                    I.

   The Debtors filed their Chapter 7 petition on January 27, 2011. On the first page of their petition, they noted that their debts were primarily consumer debts, and their statement of financial affairs did not disclose any businesses in which the Debtors were an officer, director, partner, or managing executive within six years immediately preceding the petition date. Their total secured debts consisted of a secured lien held by Wells Fargo Financial on their residence of $164,700.00. Unsecured debts totaled $208,714.55. Of this amount, the Debtors' Schedule F indicates that an unsecured debt of $189,000.00 is owed to Central Bank. Therefore, the Debtors' total debt is $373,414.55, of which $189,000.00 is owed to Central Bank. Central Bank's claim therefore represents approximately 51% of the total debt according to the schedules.

   Central Bank filed a motion to dismiss the Debtors' case pursuant to § 707(b), which requires debtors whose debts are primarily consumer debts to pass the Means Test in order to

advance under Chapter 7.  In its motion, Central Bank claims the amount owed by the Debtors is $184,742.15 as of the petition date.  It also argues that the Debtors misstated their income and expenses, creating a presumption of abuse under § 707(b)(2)(A) which warrants dismissal.

After Central Bank filed its motion, the Debtors filed an Amended Statement of Financial Affairs (Doc. 14), Amendment to Petition Pages (Doc. 15), Amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation (Doc. 16), and Response to Central Bank's Motion to Dismiss (Doc. 17).  In their amendments and response, the Debtors now contend that the debt owed to Central Bank is a business debt incurred under personal guaranties on behalf of Maru Manufacturing, Inc., for which the Debtor husband acted as president.  The Debtors attached to their response a copy of Central Bank's amended cross-claim filed in the Jessamine Circuit Court, within which Central Bank alleged that the Debtors had each executed and delivered a guaranty for a $200,000.00 commercial note from Maru Manufacturing to Central Bank.  The Debtors therefore argue that the debt owed to Central Bank is a business debt, making their total debts primarily *business* debts, and further making § 707(b) inapplicable as it only applies to debtors with primarily *consumer* debts.

At the hearing held on April 21, 2011, Central Bank conceded that the debt was a business debt, but nevertheless argued that the Debtors' consumer debts exceed their business debts.  Central Bank maintains that the amount of the business debt is $184,742.15, making it only 49% of the total debt of $373,414.55.

## II.

Although Central Bank argues that a presumption of abuse exists under § 707(b)(2)(A) because of alleged misstatements of income and expenses, the Court finds no need to address these issues because the Debtors' debt is not primarily consumer debt.  By its terms, the Means Test contained in § 707 only applies to debtors whose debts are primarily consumer debts, and therefore the bankruptcy case of a debtor whose debts are primarily business debts is not subject to dismissal under § 707(b). 11 U.S.C. § 707(b) (providing that the court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . .").  There is no disagreement between the parties that the amount owed to Central Bank is a business debt rather than a consumer debt.  The only remaining issue is whether the business debts exceed the consumer debts.

2

Although Central Bank argues the amount of the debt is $184,742.15, the Court is bound by the amounts listed in the Debtors' schedules. *U.S. Trustee v. Mohr*, 436 B.R. 504, 512 (S.D. Ohio 2010) ("Although the Sixth Circuit and the Supreme Court have not spoken directly on the issue . . . the Bankruptcy Court correctly determined that it must use the amount listed on the Debtor's schedules to determine whether the debtor has primarily consumer or business debts for purposes of applying section 707(b)."). Because the Court must use the amount listed in the schedules under a § 707(b) analysis, the amount of Central Bank's debt is not $184,742.15, but rather the $189,000.00 listed in the Debtors' schedules. Based upon this figure, the $189,000.00 owed to Central Bank represents 50.6% of the Debtors' total debt of $373,414.55. Therefore, the Debtors' debt is primarily business debt. *In re Hlavin*, 394 B.R. 441, 447 (Bankr. S.D. Ohio 2008) (recognizing and adopting the majority view that a debtor has "'primarily consumer debts' if the aggregate amount of his or her consumer debt exceeds 50% of the total debt.").

III.

Because the Debtors' debts are not primarily consumer debts, the Court finds that § 707(b) does not apply. Central Bank has not moved for dismissal under any other authority. Accordingly, it is hereby ORDERED that Central Bank's Motion to Dismiss is DENIED.

Copies to:

Mark T. Miller, Esq.
Ellen M. Sharp, Esq.
United States Trustee

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Thursday, April 21, 2011**
**(jms)**